

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-83,730-01

### EX PARTE ANTHONY CRAIG BROOKS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1375976-A IN THE 263rd DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance, namely hydrocodone, by fraud and sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends that due process was violated and his plea was involuntary because the State subsequently notified him an internal investigation by the Harris County District Attorney's Office revealed certain witnesses in this case may have credibility issues that possibly affected the

outcome of this case. The Applicant further contends that, had he known of this information, he would not have plead guilty.

The State agrees relief should be granted and acknowledges it did notify the Applicant as set out above, however, because an internal investigation is pending, it cannot offer specific details other than acknowledging it would have chosen not to prosecute the Applicant if "such information was known at the time the applicant was charged with the instant offense." The trial court recommends relief be granted because the State acknowledges that, if "such information" had been known, it would not have prosecuted the Applicant. However, the trial court has not entered findings of fact and conclusions of law regarding:

A. Who are these witnesses?

B. What exactly their testimony would have been and why it would not have been credible?

C. What exactly was the information that was not properly passed along to the Applicant so he could have made an informed choice whether to plead guilty or proceed to trial?

D. Why is this information material, so that it would have resulted in the State refusing to prosecute Applicant?

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

The record reflects that Applicant is currently represented by counsel. However, if this is no longer true, and if the trial court elects to hold a hearing, it shall determine whether Applicant is

indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claims that due process was violated in this case and that his plea was involuntary.[1] The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 16, 2015
Do not publish

---

[1] If the trial court has concerns regarding the State's pending investigation of the witnesses, it may forward any supporting documentation to this Court under seal.